IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HASTINGS MUTUAL INSURANCE COMPANY,

                            Plaintiff,

v.

OMEGA FLEX, INC.,

                            Defendant.

OPINION and ORDER

21-cv-713-jdp

---

       This case arises from a house fire in Mondovi, Wisconsin. Plaintiff Hastings Mutual Insurance Company insured the house and covered the loss. Hastings Mutual contends that the fire was caused by defective natural gas tubing, which was perforated by a lightning strike. So Hasting Mutual asserts a claim for subrogation against defendant Omega Flex, Inc., the manufacturer of the tubing.

       Two motions are before the court. First, Omega Flex moves to dismiss the complaint, primarily on the ground that it is time-barred by the 15-year statute of repose under Wis. Stat. § 895.047(5). Whether the complaint is untimely depends on when the claim accrued, which in turn depends on a factual issue that cannot be resolved on the record before the court. So Omega Flex's motion to dismiss will be denied in large part. But the court will dismiss Hastings Mutual's warranty claims as forfeited because it didn't respond Omega Flex's argument on that claim.

       Second, Omega Flex moves to strike the untimely and incomplete expert disclosures by Hastings Mutual. The court concludes that Hastings Mutual's failure to timely disclose its expert reports is neither substantially justified nor harmless. The court will grant Omega Flex's motion to strike the four experts that Hastings Mutual identified but did not disclose an expert

report. The court will allow Hastings Mutual to present the expert testimony of Thomas W. Eagar, the one expert whose report was disclosed. The court will adjust some of the pretrial deadlines to provide time for Omega Flex to respond to the Eagar report.

BACKGROUND

The court draws the following allegations from the complaint and accepts them as true for the purpose of Omega Flex's motion to dismiss.

Edmond Bauer built a home in Mondovi, Wisconsin, in 2005. Bauer's contractors used TracPipe jacketed corrugated stainless steel tubing manufactured by Omega Flex for the natural gas lines. Hastings Mutual, a property casualty insurance company, insured Bauer's home.

On September 3, 2019, Bauer's home caught fire, causing more than $600,000 in damage to Bauer's home and personal property. Hasting Mutual covered the loss.

Hasting Mutual contends that the fire was caused by a lightning strike, which perforated the tubing and ignited the natural gas. Hastings Mutual contends that the version of TracPipe manufactured and sold by Omega Flex in 2005 was defective because it failed to meet safety standards, that Omega Flex was negligent in manufacturing and selling it, and that Omega Flex breached its express and implied warranties. Hasting Mutual filed suit in state court, and Omega Flex timely removed the case to federal court.

Hastings Mutual is a Michigan corporation with its principal place of business in Michigan; Omega Flex is a Pennsylvania corporation with its principal place of business in Pennsylvania; the amount in controversy exceeds $75,000. The court has jurisdiction on the basis of diversity under 28 U.S.C. § 1332.

ANALYSIS

**A. Motion to dismiss**

Omega Flex moves, under Rule 12(b)(6), to dismiss the breach of warranty claims and the product liability claim. Dkt. 4. A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint. The complaint must allege facts sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The plausibility standard requires only "enough details about the subject-matter of the case to present a story that holds together." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015) (citation and quotation marks omitted). The court must also accept all plausible allegations of the complaint as true and view them in light most favorable to the non-moving party. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

For the breach of warranty claims, Omega Flex contends that under *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 273 N.W.2d 233 (1979), any claim against a manufacturer for a defective product must be pursued through a strict product liability claim. Hastings Mutual did not respond to this argument in its brief, Dkt. 11, so the court deems the warranty claims to have been forfeited. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (concluding that "a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). The court will grant the motion as it pertains to the warranty claims.

For the product liability claim, Omega Flex's motion to dismiss is based on the statutory period of repose in Wis. Stat. § 895.047(5). This part of the motion raises both procedural and substantive issues.

The procedural issue is that a motion to dismiss is not generally the appropriate mechanism to present affirmative defenses such as a statute of limitation. A court can reach an

3

affirmative defense on a motion to dismiss if the complaint itself establishes the facts necessary to the defense. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). But that's not the case here, because the complaint doesn't include the relevant dates. Instead, Omega Flex has submitted declarations with attached evidence to establish the dates on which the house was constructed, Dkt. 6, and the date on which the tubing was manufactured, Dkt. 7. Omega Flex has gone well beyond the complaint to establish its statute of repose defense.

Omega Flex points out that the court can consider documents attached to a motion to dismiss if those documents are referred to in the complaint and central to the plaintiff's claim. *Brownmark Films,* 682 F.3d at 690. The court may also consider facts that are amenable to judicial notice. *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012). But Omega Flex's evidence doesn't fit either of these two exceptions to the general rule that the court does not consider extrinsic evidence on a motion to dismiss. The court can take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The manufacturing date of the allegedly defective tubing is simply not so unimpeachable that the court could judicially notice it.

But Rule 12(d) allows the court to convert a motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. The rule requires the court to allow the parties a reasonable opportunity to present material pertinent to the motion. Omega Flex has had that opportunity and submitted evidence of the pertinent dates, which Hastings Mutual did not dispute. The issue ultimately turns not on a factual dispute but on a legal question, the interpretation of Wis. Stat. § 895.047(5), so it's appropriate to consider Omega Flex's evidence and treat the motion as one for summary judgment. Because the court will deny the motion without prejudice, there will be no prejudice to either side.

So this brings us to the substantive issue. Omega Flex contends that Hastings Mutual's claim is time-barred by the 15-year statute of repose that is part of Wisconsin's product liability statute. The pertinent part the statute provides:

> A defendant is not liable to a claimant for damages if the product alleged to have caused the damage was manufactured 15 years or more before the claim accrues, unless the manufacturer makes a specific representation that the product will last for a period beyond 15 years.

Wis. Stat. § 895.047(5). The tubing in the Bauer house was stamped with a date code, 0438, indicating that it was manufactured in the 38th week of 2004, Dkt. 7, which would mean that the pipe was manufactured at the latest on September 19, 2004. If Hastings Mutual's claim accrued on or before September 19, 2019, it is timely. If the claim accrued after September 19, 2019, it is time-barred. The answer depends on the meaning of "accrue" as the term is used in § 895.047(5).

Statutory interpretation, under Wisconsin law, begins with the language of the statute, and it ends there if the meaning is clear. *State ex rel. Kalal v. Cir. Ct. for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 663, 681 N.W.2d 110, 124. Statutory terms are given their "common, ordinary, and accepted meaning," but technical or specially defined terms are given their technical or specially defined meaning. *Id*. Context is important, so statutory language is interpreted not in isolation but as part of whole so as to avoid unreasonable or absurd results. *Id*. at ¶ 46.

"Accrue" is not specifically defined in Wisconsin's product liability statute, § 895.047. But "accrue" is a common concept in the law, so the court will give the term its technical meaning. As it applies to a cause of action, "accrue" means "[t]o come into existence as an enforceable claim or right." ACCRUE, Black's Law Dictionary (11th ed. 2019). In other words,

a claim accrues at the time the plaintiff may file a lawsuit to enforce its rights. Wisconsin, like many jurisdictions, applies the discovery rule to tort claims. Thus, under Wisconsin law, a tort claim accrues when the plaintiff discovers or, in the exercise of reasonable diligence should have discovered, both its injury and the cause of that injury. *Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 411, 388 N.W.2d 140, 146 (1986). There is nothing in Wisconsin's product liability statute that would suggest the legislature intended a different meaning of "accrue" than Wisconsin courts had long recognized for tort claims.

Applying the statutory language to the facts of this case, it's not clear whether Hastings Mutual's claim accrued within the statutory repose period. The tubing was manufactured no later than September 19, 2004, which would put the end of the statutory period at September 19, 2019. The Bauer home fire occurred on September 3, 2019, just within the statutory period. Assuming that Hastings Mutual was notified of the loss within two weeks, Hastings Mutual knew of its injury within the statutory period. But Hastings Mutual's claim did not accrue until it knew, not only of the injury, but of its cause. It's not clear from the evidence before the court when Hastings Mutual discovered, or in the exercise of reasonable diligence should have discovered, that the fire loss was caused by Omega Flex's defective tubing. Determining the cause of the fire would have required investigation, and a reasonably diligent investigation might well have taken more than the 16 days that remained in the statutory period after the fire. But the parties haven't provided these facts, so the court cannot determine whether Hastings Mutual's claim accrued within the statutory period, and Omega Flex's motion must be denied.

The parties' arguments to the contrary are unpersuasive. Hastings Mutual contends that its claim is timely because the injury—the fire—occurred within the limitations period. Dkt. 10,

at 5. Hastings Mutual cites no authority for its position. And it ignores the point from the *Borello* line of cases that a claim accrues when the plaintiff knew, or should have known, of both the injury and its cause.

Omega Flex contends that the claim is untimely because this suit was filed on October 13, 2021, well after the expiration of the statutory repose period. The statute of repose could have been written to require the filing of the products liability suit within the statutory period, but it was not. The accrual of a claim is generally a prerequisite that must occur *before* the filing of the lawsuit itself. Omega Flex cites two prior decisions of this court to support its position, but neither case provides meaningful support.

In *Grover v. Ford Motor Co.*, a pro se plaintiff filed a lawsuit in November 2020, alleging that his 2005 Ford Mustang was defective and caused him injuries in a 2011 accident. No. 20-CV-1047-BBC, 2021 WL 4589956 (W.D. Wis. Oct. 6, 2021). The main issues concerned the application of the three-year statute of limitations, in Wis. Stat. § 893.54(1m)(a), and the court's main holding was that the suit was untimely despite a period of tolling while the plaintiff was hospitalized for mental illness. The court also said that the suit would be barred under Wis. Stat. § 895.047(5) because his complaint was filed 15 years and eight months after the car was manufactured, and the statute of repose is not subject to any exception for mental illness. *Id*. at *3. This statement might suggest that the filing of the lawsuit must occur within the statutory repose period. But the court's focus was on the effect of the plaintiff's hospitalization for mental illness, not on the interpretation of § 895.047(5) itself. The court will not follow *Grover*'s approach to § 895.047(5) because it can't be squared with the statutory text, specifically the language tying the statute of repose to the accrual of the claim rather than the filing of the lawsuit.

7

In *A.M.Z. v. Remington Arms Co., LLC,* minor plaintiffs alleged that a firearm manufactured in 1975 was defective and caused the death of their father. No. 16-CV-778-WMC, 2017 WL 2963526 (W.D. Wis. July 11, 2017). The defendant moved to dismiss, asserting that the claim was untimely under § 895.047(5). The plaintiffs claimed the benefit of the statutory exception triggered by statements by the manufacturer that the product would last longer than 15 years. The court held that it could not determine whether the exception applied on a motion to dismiss, but that the defense might be successful on a motion for summary judgment. *Id*. at *3. Procedurally, that is precisely the situation here. But the accidental death in *A.M.Z.* occurred in 2014, nearly 35 years after allegedly defective firearm was manufactured. Amended Complaint, Dkt. 8, ¶¶ 11–12, Case No. 16-CV-778-WMC. The claim would have accrued well after the statutory repose period, so the case provides no support for Omega Flex's position that the filing of the lawsuit is what matters for the statute of repose.

Omega Flex's motion to dismiss is granted with respect to Hastings Mutual's claims for breach of warranty. The motion is converted to one for summary judgment as it pertains to the product liability claims. But the court cannot determine on the record before the court whether Hastings Mutual's claim against Omega Flex accrued within the statutory repose period in Wis. Stat. § 895.047(5). As it pertains to the product liability claims, Omega Flex's motion is denied without prejudice.

**B. Motion to exclude Hastings Mutual's experts**

Omega Flex moves to strike Hastings Mutual's expert disclosures because they are untimely. Dkt. 22. Hastings Mutual moves for an extension of time to file the reports or for an amendment to the scheduling order. Dkt. 24.

8

Here are the basic facts pertinent to the expert disclosure issue. The scheduling order, Dkt. 13, set April 29, 2022, as the deadline for Hastings Mutual to disclose its expert reports as required under Rule 26(a)(2). The deadline passed with no expert disclosures from Hastings Mutual. Omega Flex agreed to an after-the-fact extension, Dkt. 18, which the court approved, Dkt. 19, extending Hastings Mutual's disclosure deadline to May 29. That date passed, too. On June 24, Hastings Mutual filed a document titled "Plaintiff's Expert Witness Disclosure." Dkt. 21. The document listed the names, titles, and addresses of five experts. Only one expert report, for Thomas W. Eagar, was attached. The document said the other reports were "forthcoming."

Hastings Mutual's main argument is that the case schedule could be adjusted to give it time to prepare its expert reports, and that it would be better to decide the case on the merits rather than on the basis of one side's lack of diligence. Hastings Mutual urges the court to apply the standards in Rule 6 or in Rule 16, under which the court could grant an extension or modify the schedule for good cause. But Hastings Mutual hasn't shown good cause. And the court concludes that the standard in Rule 37 is the appropriate one for failure to make expert disclosures, as stated in the scheduling order, Dkt. 13, at 2. Rule 37(c) deals specifically with the failure to make disclosures required under Rule 26(a). Just because the deadline to make a Rule 26(a) disclosure is provided in a scheduling order, does not mean that a party can avoid the rigor of Rule 37(c) in favor of the general "good cause" standard for modification to a scheduling order. And this principle applies with special force when the requested modification is made after the pertinent deadline has passed.

Under Rule 37(c), when a party fails to make a disclosure as required by Rule 26(a), that party is not allowed to use the undisclosed information unless the failure to disclose was

9

"substantially justified or harmless." If the failure to disclose was not substantially justified, exclusion is automatic and mandatory. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).

Hastings Mutual does not dispute that its expert disclosures are untimely, or that its disclosure of the four experts without a report is inadequate under Rule 26(a)(2). Nor does Hastings Mutual contend that its failures are justified. The court appreciates the candor of Attorney Mundt's affidavit explaining the sequence of events that led to Hastings Mutual's failure to make its expert disclosures. Dkt. 26. The court won't belabor the point, but Hastings Mutual's failure was not substantially justified, and it was not the result of an understandable mistake that could be characterized as excusable neglect. The court sees no dishonesty on the part of counsel for Hastings Mutual, nor does it find any intent to frustrate Omega Flex's defense. But the failure to make the expert disclosures was a systematic and repeated failure to attend to basic, but important case-management tasks and a failure to supervise the associate attorneys charged with those tasks.

Hastings Mutual argument on the harm to Omega Flex is weak. Hastings Mutual says that Omega Flex has known the identity of its experts since the site visit shortly after the fire. Dkt. 25, at 7. But Omega Flex is entitled to timely disclosure of a "detailed and complete" report from each of Hastings Mutual experts. *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). The mere identity of the experts doesn't help Omega Flex prepare its defense, nor does it help the court to conduct "an early and full evaluation" of any evidentiary problems in Hastings Mutual's evidence. *Id*.

Hastings Mutual's main argument is that there is time before trial to allow it to prepare its expert reports without harm to Omega Flex. But Hastings Mutual's proposed schedule

modification requires a radical restructuring that is ultimately untenable. Hastings Mutual proposes that it disclose its experts at the end of September, that discovery be held open through January 2023, and that summary judgment motions be due February 28, 2023. Dkt. 26, ¶ 18. That's a four-month extension of the case calendar, which would leave only one month between the summary judgment and *Daubert* motion deadline and the pretrial disclosure deadline on March 31, 2023. During that month, the court would have to decide the summary judgment and any *Daubert* motions and the parties would have to prepare all their pretrial filings. The bottom line is that there is not room in the schedule to accommodate Hastings Mutual without moving the trial date. And that could mean, with a technically complex case in which each side would have multiple experts, a further delay of a year or more. The prejudice to Omega Flex is obvious and severe.

The court recognizes that "[i]n the normal course of events, justice is dispensed by the hearing of cases on their merits." *Salgado,* 150 F.3d at 740 (*quoting Schilling v. Walworth County Park and Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)). The court recognizes, too, that it should proceed with special caution when ordering exclusionary sanctions that are outcome-determinative. *Musser,* 356 F.3d at 760. The court concludes that is too late for Hastings Mutual to disclose reports for the four experts who so far have been identified without reports. Hastings Mutual's failure to timely disclose its experts was so unjustified, and the requested accommodation would be so prejudicial to Omega Flex, that exclusion of these four experts is the only just result.

But the court concludes that the schedule could be adjusted, without undue prejudice to Omega Flex, to allow Hastings Mutual to present evidence from Thomas W. Eagar, the one expert whose report was disclosed on June 24. Omega Flex has had time to consider this report

11

and to begin to prepare a response to it. The court will give Omega Flex until October 17, 2022, to disclose its experts. The discovery cutoff is extended to November 18. The parties may agree to adjust the dates in this paragraph, because they involve only disclosures between the parties and not court filings.

But these dates cannot be changed unless by leave of court: the summary judgment deadline will be extended to November 30, 2022, with responses due December 21, 2022, and replies due January 9, 2023; the other pretrial deadlines remain unchanged from the scheduling order.

ORDER

IT IS ORDERED that:

1. Defendant Omega Flex, Inc.'s motion to dismiss, as applied to plaintiff's breach of express warranty and breach of implied warranty claims, Dkt. 4, is GRANTED.

2. Omega Flex's motion to dismiss, as applied to plaintiff's product liability claim, Dkt. 4, is converted to a motion for summary judgment, and is DENIED without prejudice.

3. Omega Flex's motion to exclude the expert reports of plaintiff Hastings Mutual Insurance Company, Dkt. 22, is GRANTED, with the exception of the report of Thomas W. Eagar.

4. Hastings Mutual's motion to modify the scheduling order or for an extension of time, Dkt. 24, is DENIED, with the exception provided in the opinion.

5. Certain pretrial deadlines are extended as follows:

>Omega Flex's expert disclosure deadline is October 17, 2022;

>The discovery cutoff is November 18, 2022;

>Motions for summary judgment are due by November 30, 2022, with responses due December 21, 2022, and replies due January 9, 2023.

Entered September 8, 2022.

>BY THE COURT:

>/s/
>_____
>JAMES D. PETERSON
>District Judge